1
2
3
4
5
6
7

8

## UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10

11  RICHARD WILLIFORD,                      )  Case No.: 1:15-cv-00653 - KJM - JLT
                                            )
12              Plaintiff,                  )  ORDER GRANTING DEFENDANT'S MOTION
                                            )  TO DISMISS AND DISMISSING THE
13      v.                                  )  COMPLAINT WITH LEAVE TO AMEND
                                            )
14  ZACK SCRIVNER,                          )
                                            )  (Doc. 10)
15              Defendant.                  )
                                            )
16  _____ )

17          Defendant Zack Scrivner seeks dismissal the complaint filed by Richard Williford pursuant to

18  Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. 10.)  Because Plaintiff

19  fails to allege facts sufficient for the Court to determine that it has jurisdiction in this matter and

20  Plaintiff fails to identify a claim or state facts sufficient for the Court to determine he has suffered

21  harm, Defendant's motion to dismiss is **GRANTED**.

22  **I.      Factual and Procedural History**

23          In his complaint, Plaintiff alleges Defendant "intruded into the operations of Mountain

24  Meadows Community Services District" by removing a seated Board Member of the District and

25  appointing a new Board Member.  (*Id.* at 1-2.)  According to Plaintiff, this has action has caused the

26  "District financial harm without cause," by affecting "employees (sic) wages, taxes, insurances and its

27  obligations to long term contracts, debts, and every day operating costs."  (*Id.* at 2.)

28  *///*

1

## II.       Motion to Dismiss Pursuant to Rule 12(b)(1)

### A.       Legal Standard

The district court is a court of limited jurisdiction, and is empowered only to hear disputes "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Exxon Mobil Corp v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The federal courts are "presumed to lack jurisdiction in a particular case, unless the contrary affirmatively appears." *A-Z Int'l. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003). Thus, a plaintiff is required to demonstrate the Court has subject matter jurisdiction. *Kokkonen*, 511 U.S. at 377 (citing *McNutt v. General Motors Acceptance Corp*, 298 U.S. 178, 182-83 (1936)); *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may challenge a claim for relief for lack of subject matter jurisdiction. A motion to dismiss under Rule 12(b)(1) "may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Pub. Co., Inc. v. Gen. Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (citing *Land v. Dollar*, 330 U.S. 731, 735 (1947)). Thus, "[a] jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). The Ninth Circuit explained:

> In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1038 (9th Cir. 2004).

### B.       Discussion and Analysis

Where, as here, a defendant presents a facial challenge to the Court's jurisdiction (Doc. 10 at 2-3), the Court must presume the truth of the Plaintiff's factual allegations "and draw all reasonable inferences in his favor." *Doe v. Holy*, 557 F.3d 1066, 1073 (9th Cir. 2009); *Savage v. Glendale Union High Sch. Dist*. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003), *cert. denied*, 541 U.S. 1009 (2004). The Court should not "assume the truth of legal conclusions merely because they are cast in the form of

1    factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

2            Significantly, Plaintiff does not identify the claim(s) upon which he seeks to proceed in his

3    complaint. (*See* Doc. 1.)  From the face of the compliant, it appears Plaintiff believes that Scrivner

4    exercised an "abuse of power" by removing a Board Member of the Mountain Meadows Community

5    Services District.  In Plaintiff's "motion for summary judgment," he asserts "this case pertains to civil

6    rights being violated by Defendant." (Doc. 9 at 1.)  However, Plaintiff fails to identify what civil rights

7    he believes were violated or, even, whether he claims those rights belonged to him.  Because the

8    allegations of the complaint do not demonstrate the basis for this Court's jurisdiction, Defendant's

9    motion to dismiss pursuant to Rule 12(b)(1) is **GRANTED**.

10   **III.     Motion to Dismiss Pursuant to Rule 12(b)(6)**

11           **A.     Legal Standard**

12           A Rule 12(b)(6) motion "tests the legal sufficiency of a claim."  *Navarro v. Block*, 250 F.3d

13   729, 732 (9th Cir. 2001).  Dismissal under Rule 12(b)(6) is appropriate when "the complaint lacks a

14   cognizable legal theory or sufficient facts to support a cognizable legal theory."  *Mendiondo v.*

15   *Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  Thus, under Rule 12(b)(6), "review is

16   limited to the complaint alone."  *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993).

17           "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

18   true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

19   (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Supreme Court explained,

20               A claim has facial plausibility when the plaintiff pleads factual content that allows the
21               court to draw the reasonable inference that the defendant is liable for the misconduct
             alleged.  The plausibility standard is not akin to a "probability requirement," but it asks
             for more than a sheer possibility that a defendant has acted unlawfully. Where a
22           complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops
             short of the line between possibility and plausibility of 'entitlement to relief.'"

23

24   *Iqbal*, 556 U.S. at 678 (internal citations, quotation marks omitted).  Further, allegations of a

25   complaint must be accepted as true when the Court considers a motion to dismiss.  *Hospital Bldg. Co.*

26   *v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976).

27           A court must construe the pleading in the light most favorable to the plaintiff, and resolve all

28   doubts in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  "The issue is not

whether a plaintiff will ultimately prevail, but whether the claimant is entitled to officer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test."  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  Therefore, the Court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action."  *Student Loan Marketing Assoc. v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).

### B.    Failure to state a claim

As noted above, Plaintiff fails to identify any causes of action his complaint, and the facts alleged are insufficient for the Court to determine the claim(s) upon which Plaintiff seeks to proceed. Although Plaintiff asserts Scrivner's actions "cause[d] financial harm to MMCSD" (Doc.1 at 2), he fails to allege facts that support a determination that *Plaintiff* has suffered any injury, or explain how Defendant violated his civil rights.  Without such allegations, Plaintiff fails to give Defendant fair notice of his claims. *See, e.g., Rizzo v. Goode,* 423 U.S. 362, 371-72 (1976) (to proceed on a claim for civil rights violations, a plaintiff must allege a specific injury was suffered, and show causal relationship between the defendant's conduct and the injury suffered).  Consequently, Defendant's motion to dismiss pursuant to Rule 12(b)(6) is **GRANTED**.

### C.    Standing

The Supreme Court explained: "[T]o satisfy Article III's standing requirements, a plaintiff must show (1)[he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180–81 (2000). The burden of establishing standing falls upon the plaintiff. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *see also Bennett v. Spear*, 520 U.S. 154, 167 (1997) ("each element of Article III standing must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation"). The Ninth Circuit explained the causation element is not satisfied when an "injury caused by a third party is too tenuously connected to the acts of the defendant." *Citizens for Better*

4

1   *Forestry v. U.S. Dept. of Agric.*, 341 F.3d 961, 975 (9th Cir.2003).

2        Here, though it appears that Plaintiff feels the District has been treated improperly by Scrivner,

3   he fails to allege sufficient facts that *he* has suffered injury.  There is no showing that Scrivner's

4   actions that were directed at the District equates to an injury suffered by Plaintiff such that he may

5   bring suit.  Thus, Plaintiff's failure to demonstrate standing is fatal to this action and Defendant's

6   motion to dismiss pursuant to Rule 12(b)(6) is **GRANTED**.

7   **IV.     Conclusion and Order**

8        Plaintiff has failed to meet his burden to demonstrate the Court has subject matter jurisdiction

9   over his claim, to allege facts sufficient to provide the defendant with fair notice of the claims against

10  him or to demonstrate he has standing.  *See Kokkonen*, 511 U.S. at 377; *Iqbal*, 556 U.S. at 678.

11  Because it is not "absolutely clear that the deficiencies of the complaint could not be cured," Plaintiff

12  will be given leave to amend his complaint.  *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir.

13  1987).

14       The amended complaint must reference the docket number of assigned to this case and must be

15  labeled "First Amended Complaint."  Plaintiff is advised that an amended complaint supersedes the

16  original complaint.  *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814

17  F.2d 565, 567 (9th Cir. 1987).  The amended complaint must be "**complete in itself** without reference

18  to the prior or superseded pleading."  Local Rule 220, emphasis added.  Thus, once Plaintiff files an

19  amended complaint, Plaintiff's original complaint will not serve any function in the case.

20       Based upon the foregoing, **IT IS HEREBY ORDERED:**

21       1.     Defendant's motion to dismiss (Doc. 10) is **GRANTED**;

22       2.     Plaintiff's complaint is **DISMISSED** with leave to amend; and

23       3.     Plaintiff SHALL file his First Amended Complaint within thirty days of the date of

24              service of this order.

25  ///

26  ///

27  ///

28  ///

1      **Failure to comply with this order will result in a recommendation that the matter be**

2 **dismissed**.

3

4 IT IS SO ORDERED.

5    Dated:   **June 19, 2015**             **/s/ Jennifer L. Thurston**

6                                       UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28