UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WILLIFORD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ZACH SCRIVNER,<br><br>　　　　Defendant. | Case No.: 1:15-cv-00653- KJM - JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PEREMPTORY CHALLENGE WHICH THE COURT CONSTRUES AS A MOTION FOR JUDICIAL DISQUALIFICATION<br><br>(Doc. 37) |

　　　　Before the Court is Plaintiff's motion titled, "Motion for Peremptory Challenge," seeking to disqualify the undersigned based upon his contention that there exists a conflict of interest. (Doc. 37) He relies upon the fact that the undersigned was employed by the County of Kern in the past and upon California Code of Civil Procedure § 170 and other California authorities for his motion.

　　　　First, notably, Plaintiff chose to file his litigation in the United States District Court and, when doing so, invoked the Court's subject matter jurisdiction by raising claims that sound in federal law. Thus, California's rules of civil procedure or other state law authorities do not apply in this action.

　　　　Second, as noted above, plaintiff brings his motion under state law and he does not rely on any federal grounds for it. However, even assuming the motion is brought under 28 U.S.C. § 144, the affidavit submitted in support of Plaintiff's motion fails to set forth any facts upon which the Court could glean his reasons for his claims. "Pursuant to the statutory directive of Section 144[1], a judge has

---

[1] 28 U.S.C. § 144.

1

an unavoidable duty to recuse himself when facts are properly verified by affidavit supporting a claim of legally cognizable bias or prejudice. On the other hand, a judge has an equally unavoidable duty not to refuse to recuse himself when the facts verified by affidavit do not support an allegation of legally cognizable bias or prejudice." Deal v. Warner, 369 F. Supp. 174, 176 (W.D. Mo. 1973). Here, Plaintiff alleges absolutely no facts in his affidavit (other than being a party to the case) and, instead, asserts merely—according to the standards permitted under California law[2]—that he believes the Court is prejudiced against him. (Doc. 37 at 5.) Plaintiff was obligated to set forth facts which give "fair support" to his claims of bias and prejudice. Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921). Thus, the affidavit is not sufficient. Moreover, the affidavit is not timely in that Plaintiff filed it *only* after the Court has issued orders that were not favorable to him. The time for making such a disqualification motion was at the time the matter was assigned to the undersigned— three months ago. (Doc. 11) California law requires the same. Cal. Code Civ. P. 170.6(a)(1)(2).

Third, even assuming the motion was brought under 28 U.S.C. § 455, the fact that the undersigned was employed by the County of Kern nearly six years ago, presents no apparent or actual conflict. The events which give rise to the litigation, apparently, occurred during 2015 (*See "Mountain Meadows Community Services District meeting goes smoothly; GM Williford terminated,"* by Jill Barnes Nelson, Tehachapi News, June 7, 2015) and, therefore, the fact of my employment years ago— which ended in 2009—can have no bearing on this matter. Moreover, the undersigned *never* had any involvement with the community services district at issue while employed by the County of Kern and *never* represented Mr. Scrivner; indeed, Mr. Scrivner was not elected to his current job until after I left the County's employ.[3] Nevertheless, even if I had represented either of these parties, the amount of time that has passed since the termination of my employment with the County of Kern, makes it patently unreasonable that even a hint of impartiality could result. Moreover, of course, the County of Kern is not a defendant in this action and, of course, the undersigned is <u>not</u> the presiding judge on this case. Instead, only District Judge Mueller may issue final judgment in this case.

---

[2] Under California law, a party merely must state his belief the judge is biased against him to be entitled to recusal of the judge. Cal. Code. Civ. P. 170.6. He need not state any grounds for his belief. However, the federal law is different.
[3] The Court takes judicial notice that Mr. Scrivner was elected to the Kern County Board of Supervisors in 2010. F.R.E. 201(b)(1), (2).

2

Finally, Cannon 3(C) of the Code of Conduct for United States Judges sets forth the circumstances of when a judge must recuse herself; none apply here.  Though the standard for determining whether a judge should recuse herself includes circumstances where "the judge's impartiality might reasonably be questioned," a former government lawyer must recuse herself when the government is a defendant in a matter before her *only* when in her former capacity, "the judge . . . participated as a . . . counsel, advisor, or material witness concerning the proceeding or has expressed an opinion concerning the merits of the particular case in controversy." Cannon 3(C)(1)(e); 28 U.S.C. § 455(b)(2). Once again, none of these circumstances apply here.  The mere fact that the undersigned was employed by the County of Kern years before the controversy arose and before the defendant became associated with the County of Kern, does not raise a reasonable question as to the Court's impartiality.[4]  Thus, the motion is **DENIED**.

IT IS SO ORDERED.

Dated:   **August 13, 2015**                     **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[4] Indeed, any such concern—if one ever truly existed—should have been alleviated when *the Defendant refused to consent* to the undersigned's jurisdiction.  (Doc. 12)