UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WILLIFORD,<br><br>    Plaintiff,<br><br>  v.<br><br>ZACH SCRIVNER,<br><br>    Defendant. | Case No.: 1:15-cv-00653 - KJM - JLT<br><br>ORDER VACATING THE HEARING DATE OF AUGUST 28, 2015<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND AND DIRECTING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT WITHIN THIRTY DAYS |

Defendant seeks dismissal of the First Amended Complaint filed by Richard Williford pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 27) Plaintiff filed his opposition to the motion on August 3, 2015 (Doc. 29), to which Defendant filed a reply on August 10, 2015 (Doc. 32). The Court has reviewed the arguments of the parties, and finds the matter suitable for decision without oral arguments pursuant to Local Rule 230(g). Accordingly, the hearing date of August 28, 2015 is **VACATED**.

Because Plaintiff fails to allege facts sufficient to support his claims for relief, Defendant's motion to dismiss is **GRANTED** and the First Amended Complaint is **DISMISSED with leave to amend**.

**I.     Background**

Plaintiff initiated this action by filing a complaint on April 27, 2015, asserting Defendant "intruded into the operations of Mountain Meadows Community Services District" by removing a

seated board member of the District and appointing a new board member. (Doc. 1 at 1-2) Defendant filed a motion to dismiss the complaint, which was granted on June 22, 2015. (Doc. 23)

Plaintiff filed his First Amended Complaint on July 16, 2015, alleging Defendant usurped Plaintiff's authority as a board member of the Mountain Meadows Community Service District. (Doc. 25 at 2) Plaintiff alleges Defendant directed an employee to take improper actions "without a warrant or court order." (*Id.*) Plaintiff asserts Defendant took actions that were "not brought before the Board of Supervisors for a vote," including the decision "to block the funds from being transferred from auditor to the Mountain Meadows Community Services District (MMCSD), [with] whom Plaintiff was employed, therefore causing the loss of employment and loss of contractual income to Plaintiff, who holds a written binding contract with MMCSD." (*Id.* at 3)

## II.     Legal Standards

A Rule 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Rule 12(b)(6) is appropriate when "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Thus, under Rule 12(b)(6), "review is limited to the complaint alone." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court explained,

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (internal citations, quotation marks omitted). Further, allegations of a complaint must be accepted as true when the Court considers a motion to dismiss. *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976).

A court must construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). "The issue is not

whether a plaintiff will ultimately prevail, but whether the claimant is entitled to officer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Therefore, the Court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Assoc. v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).

### III.     Discussion and Analysis

Based upon the facts alleged in the complaint, Plaintiff alleges Defendant is liable for violations of his Fourth Amendment rights and Section 52.1 of the California Civil Code. (Doc. 25 at 3)

#### A.     Fourth Amendment

Plaintiff seeks to state a claim pursuant to 42 U.S.C. § 1983 ("Section 1983"), which "is a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). An individual may bring a civil rights action pursuant to Section 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

42 U.S.C. § 1983. To plead a Section 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) a constitutional right was deprived, and (2) a person who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).[1]

A plaintiff must allege a specific injury was suffered, and show causal relationship between the defendant's conduct and the injury suffered. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). Thus, Section 1983 "requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff." *Chavira v. Ruth*, 2012 U.S. Dist. LEXIS 53946, at *3 (E.D. Cal. Apr. 17, 2012). An individual deprives another of a federal right "if he

---

[1] Plaintiff does not clarify whether Defendant is sued in his individual capacity or his official capacity as a member of the Kern County Board of Supervisors or both. Thus, it is not clear whether Plaintiff intends to implicate the County as a defendant in this capacity. Accordingly, for purposes of this motion to dismiss, the Court will assume Plaintiff seeks to state a claim against Scrivner in his official capacity. Plaintiff **SHALL** clarify this in his second amended complaint or it will be subject to dismissal.

does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In other words, "[s]ome culpable action or in action must be attributable to defendants." *See Puckett v. Corcoran Prison - CDCR*, 2012 U.S. Dist. LEXIS 52572, at *7 (E.D. Cal. Apr. 13, 2012).

Here, Plaintiff alleges Defendant is liable for a violation of the Fourth Amendment, which provides: "The right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing ... the persons or things to be seized." *U.S. Constitution, amend. IV*. Thus, the Fourth Amendment "protects two types of expectations, one involving 'searches,' the other 'seizures.' A 'search' occurs when the government intrudes upon an expectation of privacy that society is prepared to consider reasonable. A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984).

Importantly, as explained by the Supreme Court, "the Fourth Amendment protects people, not places. What a person . . . seeks to preserve as private, even in an area accessible to the public, may be constitutionally protected." *Katz v. United States*, 389 U.S. 347, 351-52 (1967). Thus, a person must have a reasonable and legitimate expectation of privacy in the place that is invaded for a constitutional violation of his or her rights to occur. *Id.* at 351-52; *Espinosa v. City and County of San Francisco*, 598 F.3d 528, 533 (9th Cir. 2010). In *United States v. Jones*, 132 S.Ct. 945, 949-50 (2012), the Supreme Court confirmed that a property-based or trespass-based approach, in addition to the *Katz* reasonable expectation of privacy approach, may be used to determine whether a Fourth Amendment search has occurred. In doing so, the Supreme Court found that a search occurred when the Government "physically occupied private property for the purpose of obtaining information." *Id.* at 949-50.

Individuals, including public employees[2], may have a reasonable expectation of privacy in the

---

[2] It is not clear whether Plaintiff was a public employee. However, he does seem to allege the Mountain Meadows Community Service District was a publicly funded organization given the claim that Defendant unilaterally "blocked" funds that were to be paid by the Auditor to the District. Accordingly, the Court presumes for purposes of this motion that

4

workplace. *O'Connor v. Ortega*, 480 U.S. 709, 717 (1987). However, "[p]ublic employees' expectations of privacy in their offices, desks, and file cabinets, like similar expectations of employees in the private sector, may be reduced by virtue of actual office practices and procedures, or by legitimate regulation." *Id.* The Supreme Court explained:

> An office is seldom a private enclave free from entry by supervisors, other employees, and business and personal invitees. Instead, in many cases offices are continually entered by fellow employees and other visitors during the workday for conferences, consultations, and other work-related visits. Simply put, it is the nature of government offices that others -- such as fellow employees, supervisors, consensual visitors, and the general public -- may have frequent access to an individual's office.

*Id.* Accordingly, the Court explained that "whether an employee has a reasonable expectation of privacy must be addressed on a case-by-case basis." *Id.* at 718. A court must balance the individuals' expectation of privacy for areas searched—such as an office, desk or cabinet— "against the government's need for supervision, control, and the efficient operation of the workplace." *Id.* at 720; *see also Schowengerdt v. General Dynamics Corp.*, 823 F.2d 1328, 1334-35 (9th Cir. 1987) ("public employees' expectations of privacy may be reduced by virtue of actual office practices and procedures" such as "notice from his employer that searches of the type to which he was subjected might occur from time to time for work-related purposes").

Here, Plaintiff alleges Scrivner violated his right to be free from an unreasonable search by "having his staffer, Ryan Rush, direct the cutting of locks from perimeter enclosures; breaking the entry locks to office structure; breaking all locks from out buildings; having a gathering of certain individuals; [and] having his staffer make comment[s] to sheriff's deputies that Scrivner's office holds the authority to do this – all without warrant or court order." (Doc. 25 at 2) According to Plaintiff, these actions were taken "to suppress Plaintiff," and cost Plaintiff his job with the Services District. (*Id.* at 2-3; Doc. 29 at 4-5) Exactly how Plaintiff was "suppressed" by these acts (and exactly what Plaintiff means happened to him when he claims he was "suppressed") or why these acts caused him to lose his job is not explained.

Likewise, Plaintiff fails to allege facts supporting the conclusion that he had a legitimate

---

Plaintiff is claiming he was a public employee. Plaintiff **SHALL** clarify his employment status in his Second Amended Complaint.

expectation of privacy in the office or out buildings or in any of the areas searched within these structures.  Without factual allegations demonstrating his legitimate expectation of privacy, he has failed to state a claim for the violation of the Fourth Amendment.  *See Katz*, 389 U.S. at 351-52.

**B.     California Civil Code § 52.1**

Plaintiff alleges Defendant violated Cal. Civ. Code § 52.1, also known as "the Bane Act," which provides:

> If a person or persons, whether or not acting under the color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of right secured by the Constitution or the laws of the United States, or the rights secured by the Constitution or laws of this state. . . [any individual whose said rights have been interfered with]   may bring a civil action for injunctive and other appropriate equitable relief . . . .

A claim under the Bane Act "requires a showing of 'an attempted or completed act of interference with a legal right, accompanied by a form of coercion.'" *Martin v. County of San Diego*, 650 F.Supp.2d 1094, 1108 (S.D. Cal. 2009) (quoting *Jones v. Kmart Corp.*, 17 Cal. 4th 329, 334 (1998)). Thus, unless there were threats, coercion or intimidation coupled with the constitutional violation, the Bane Act does not apply. *See Gant v. County of Los Angeles*, 765 F. Supp. 2d 1238, 1253-54 (C.D. Cal. 2011).  In evaluating the threatening or coercive conduct, the Court must consider "whether a reasonable person, standing in the shoes of the plaintiff, would have been intimidated by the actions of the defendants and have perceived a threat of violence." *Richardson v. City of Antioch*, 722 F.Supp.2d 1133, 1147 (N.D.Cal.2010).

Previously, this Court explained:  "The text of the Bane Act … indicates that a cause of action under the act requires a predicate — the application of threat, intimidation or coercion — and an object — interference with a constitutional or statutory right." *Rodriguez v. City of Fresno*, 819 F.Supp.2d 937, 953 (E.D. Cal. 2011).  Put another way, a plaintiff must demonstrate that a constitutional violation "occurred *and* that the violation was accompanied by threats, intimidation or coercion within the meaning of the statute." *Barsamian v. City of Kingsburg*, 597 F.Supp.2d 1054, 1057 (E.D. Cal. 2009) (emphasis added).

Here, as discussed above, Plaintiff fails to allege facts to support a determination that Scrivner interfered with a constitutional right.  In addition, Plaintiff's factual allegations do not support a claim

6

that Scrivner's conduct rose to the level of a threat, intimidation or coercion.

**IV.     Conclusion and Order**

Previously, the Court granted Plaintiff an opportunity to file an amended complaint that set forth facts sufficient to support his claims and to provide Defendant with fair notice. (Doc. 23 at 5, citing *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987)) Although Plaintiff identified the claims upon which he seeks to proceed, he failed to meet his burden to allege facts sufficient to support the claims for a violation of the Fourth Amendment and the Bane Act. *See Iqbal*, 556 U.S. at 678. Because it is not "absolutely clear that the deficiencies of the complaint could not be cured," Plaintiff will be given **one final opportunity** allege facts sufficient to support his claims. *See Noll*, 809 F.2d at 1448-49.

The amended complaint must reference the docket number of assigned to this case and must be labeled "Second Amended Complaint." Plaintiff is advised that an amended complaint supersedes the previously filed complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). In addition, Plaintiff is advised that he is not required to include citations to the law or legal authorities in his pleadings. Rather, Plaintiff need only state the facts alleged in a **short and clear manner**, which is sufficient to give Defendant fair notice of claims against him and the grounds upon which he seeks to impose liability. *See* Fed. R. Civ. P. 8.

**Plaintiff is advised that his failure to allege facts sufficient to support his claims for relief and, specifically, his failure to provide sufficient factual allegations to demonstrate that he had a reasonable expectation of privacy in the places searched, the Court will find he is legally unable to do so and will recommend the matter be dismissed without leave to amend**. *See Lopez*, 203 F.3d at 1127-28 (leave to amend is not futile when the deficiencies may be cured).

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1.     Defendant's motion to dismiss (Doc. 27) is **GRANTED**;

2.     Plaintiff's First Amended Complaint is **DISMISSED with leave to amend**; and

///

///

///

///

7

3. Plaintiff **SHALL** file his Second Amended Complaint within thirty days of the date of service of this order.

IT IS SO ORDERED.

Dated: **August 17, 2015**         /s/ Jennifer L. Thurston
                                  UNITED STATES MAGISTRATE JUDGE