**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD WILLIFORD, | Case No.: 1:15-cv-00653 - KJM - JLT |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT |
| v. | |
| ZACH SCRIVNER, | |
| Defendant. | (Doc. 43) |

Defendant seeks dismissal of the First Amended Complaint filed by Richard Williford pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 43) Plaintiff filed his opposition to the motion on October 6, 2015 (Doc. 44), to which Defendant filed a reply on October 9, 2015 (Doc. 45). The Court reviewed the arguments of the parties, and found the matter suitable for decision without oral arguments pursuant to Local Rule 230(g).

Because Plaintiff fails to allege facts sufficient to support his claims for relief, the Court recommends Defendant's motion to dismiss be **GRANTED** and the Second Amended Complaint be **DISMISSED** without leave to amend.

**I.      Background**

Plaintiff initiated this action by filing a complaint on April 27, 2015, asserting Defendant "intruded into the operations of Mountain Meadows Community Services District" by removing a seated board member of the District and appointing a new board member. (Doc. 1 at 1-2) Defendant

filed a motion to dismiss the complaint, which the Court granted on June 22, 2015. (Doc. 23) Plaintiff filed his First Amended Complaint on July 16, 2015 (Doc. 25), which the Court also dismissed for failure to state a cognizable claim (Doc. 41).

On September 18, 2015, Plaintiff filed his Second Amended Complaint in the action. (Doc. 42) Plaintiff asserts that Zack Scrivner "interfered by threat, intimidation and coercion with Plaintiff's rights secured by the Constitution and the laws of this State … by interfering with the funds of [Mountain Meadows Community Service District] and blocking transfer of funds for wages and long and short term debts." (*Id.* at 3) He alleges the purpose of this "blocking" was "to force Plaintiff from his position as a public employee, General Manager, executive office of MMCSD." (*Id.*) According to Plaintiff, the failure to distribute funds "caused the closure and dismissal of all employees, including Plaintiff," which "deprive[d] Plaintiff of his Federal right." (*Id.* at 5)

Further, Plaintiff alleges Defendant took control of a facility "to gain control and remove Plaintiff from his place of employment," in violation of the Fourth Amendment of the Constitution of the United States. (Doc. 42 at 5)

## II.    Legal Standards

A Rule 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Rule 12(b)(6) is appropriate when "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Thus, under Rule 12(b)(6), "review is limited to the complaint alone." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court explained,

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (internal citations, quotation marks omitted). Further, allegations of a complaint

must be accepted as true when the Court considers a motion to dismiss. *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976).

A court must construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to officer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Therefore, the Court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Assoc. v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).

### III.     Discussion and Analysis

Based upon the facts alleged in the complaint, Plaintiff alleges Zack Scrivner and the Kern County Board of Supervisors are liable for violations of his Fourth Amendment rights. (Doc. 42 at 5) In addition, it appears Plaintiff seeks to state a claim for a violation of Section 52.1 of the California Civil Code, in light of the allegation that "Defendants interfered by threat, intimidation and coercion with Plaintiff's rights" under the Constitutions of the State of California and the United States. (*Id.* at 3)

#### A.     Fourth Amendment

Plaintiff may bring a claim for a violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983 ("Section 1983"), which "is a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). An individual may bring a civil rights action pursuant to Section 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

42 U.S.C. § 1983. To plead a Section 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) a constitutional right was deprived, and (2) a person who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*,

3

529 F.2d 668, 670 (9th Cir. 1976).

A plaintiff must allege he suffered a specific injury and show causal relationship between the defendant's conduct and the injury suffered. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). Thus, Section 1983 "requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff." *Chavira v. Ruth*, 2012 U.S. Dist. LEXIS 53946 at *3 (E.D. Cal. Apr. 17, 2012). An individual deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In other words, "[s]ome culpable action or in action must be attributable to defendants." *See Puckett v. Corcoran Prison - CDCR*, 2012 U.S. Dist. LEXIS 52572 at *7 (E.D. Cal. Apr. 13, 2012).

Plaintiff alleges Defendants are liable for a violation of the Fourth Amendment, which provides: "The right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing ... the persons or things to be seized." *U.S. Constitution, amend. IV*. Thus, the Fourth Amendment "protects two types of expectations, one involving 'searches,' the other 'seizures.' A 'search' occurs when the government intrudes upon an expectation of privacy that society is prepared to consider reasonable. A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984).

Importantly, as explained by the Supreme Court, "the Fourth Amendment protects people, not places. What a person . . . seeks to preserve as private, even in an area accessible to the public, may be constitutionally protected." *Katz v. United States*, 389 U.S. 347, 351-52 (1967). Thus, a person must have a reasonable and legitimate expectation of privacy in the place invaded for a constitutional violation of his rights to occur. *Id.* at 351-52; *Espinosa v. City and County of San Francisco*, 598 F.3d 528, 533 (9th Cir. 2010). In *United States v. Jones*, 132 S.Ct. 945, 949-50 (2012), the Supreme Court confirmed that a property-based or trespass-based approach, in addition to the *Katz* reasonable expectation of privacy approach, may be used to determine whether a Fourth Amendment search has

1  occurred. In doing so, the Supreme Court found that a search occurred when the Government

2  "physically occupied private property for the purpose of obtaining information." *Id.* at 949-50.

3        Individuals, including public employees, may have a reasonable expectation of privacy in the

4  workplace. *O'Connor v. Ortega*, 480 U.S. 709, 717 (1987). However, "[p]ublic employees'

5  expectations of privacy in their offices, desks, and file cabinets, like similar expectations of employees

6  in the private sector, may be reduced by virtue of actual office practices and procedures, or by

7  legitimate regulation." *Id.* The Supreme Court explained:

> An office is seldom a private enclave free from entry by supervisors, other employees, and business and personal invitees. Instead, in many cases offices are continually entered by fellow employees and other visitors during the workday for conferences, consultations, and other work-related visits. Simply put, it is the nature of government offices that others -- such as fellow employees, supervisors, consensual visitors, and the general public -- may have frequent access to an individual's office.

*Id.* Accordingly, the Court explained, "whether an employee has a reasonable expectation of privacy must be addressed on a case-by-case basis." *Id.* at 718. A court must balance the individuals' expectation of privacy for areas searched—such as an office, desk or cabinet— "against the government's need for supervision, control, and the efficient operation of the workplace." *Id.* at 720; *see also Schowengerdt v. General Dynamics Corp.*, 823 F.2d 1328, 1334-35 (9th Cir. 1987) ("public employees' expectations of privacy may be reduced by virtue of actual office practices and procedures" such as "notice from his employer that searches of the type to which he was subjected might occur from time to time for work-related purposes").

      Plaintiff alleged previously that Scrivner violated his right to be free from an unreasonable search by "having his staffer, Ryan Rush, direct the cutting of locks from perimeter enclosures; breaking the entry locks to office structure; breaking all locks from out buildings; having a gathering of certain individuals; [and] having his staffer make comment[s] to sheriff's deputies that Scrivner's office holds the authority to do this – all without warrant or court order." (Doc. 25 at 2) According to Plaintiff, these actions were taken "to suppress Plaintiff," and cost Plaintiff his job with the Services District. (*Id.* at 2-3; Doc. 29 at 4-5) Exactly how Plaintiff was "suppressed" by these acts (and exactly what Plaintiff means happened to him when he claims he was "suppressed"), or why these acts caused him to lose his job is not explained in the Second Amended Complaint.

The Court previously informed Plaintiff that he must "provide sufficient factual allegations to demonstrate that he had a reasonable expectation of privacy in the places searched" (Doc. 41 at 8, emphasis omitted). However, he has again failed to allege facts to support a conclusion that he had a legitimate expectation of privacy in the office or out buildings. Furthermore, Plaintiff fails to allege a causal link between the actions of Defendants and the loss of his job with the Mountain Meadows Community Service District. Although Plaintiff alleges the "blocking" of funds cost him his job, there are no facts supporting his conclusion that this was a "seizure" in violation of the Fourth Amendment. Without such factual allegations, Plaintiff has failed to state a cognizable claim for the violation of the Fourth Amendment against Scrivner or the Kern County Board of Supervisors. *See Katz*, 389 U.S. at 351-52; *Rizzo*, 423 U.S. at 371-72.

**B.     California Civil Code § 52.1**

Plaintiff alleges Defendant violated Cal. Civ. Code § 52.1, also known as "the Bane Act," which provides:

> If a person or persons, whether or not acting under the color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of right secured by the Constitution or the laws of the United States, or the rights secured by the Constitution or laws of this state. . . [any individual whose said rights have been interfered with]  may bring a civil action for injunctive and other appropriate equitable relief . . . .

A claim under the Bane Act "requires a showing of 'an attempted or completed act of interference with a legal right, accompanied by a form of coercion.'" *Martin v. County of San Diego*, 650 F.Supp.2d 1094, 1108 (S.D. Cal. 2009) (quoting *Jones v. Kmart Corp.*, 17 Cal. 4th 329, 334 (1998)). Thus, unless there were threats, coercion or intimidation coupled with the constitutional violation, the Bane Act does not apply. *See Gant v. County of Los Angeles*, 765 F. Supp. 2d 1238, 1253-54 (C.D. Cal. 2011). In evaluating the threatening or coercive conduct, the Court must consider "whether a reasonable person, standing in the shoes of the plaintiff, would have been intimidated by the actions of the defendants and have perceived a threat of violence." *Richardson v. City of Antioch*, 722 F.Supp.2d 1133, 1147 (N.D.Cal.2010).

Previously, this Court explained: "The text of the Bane Act … indicates that a cause of action under the act requires a predicate — the application of threat, intimidation or coercion — and an object

6

— interference with a constitutional or statutory right." *Rodriguez v. City of Fresno*, 819 F.Supp.2d 937, 953 (E.D. Cal. 2011). Put another way, a plaintiff must demonstrate that a constitutional violation "occurred *and* that the violation was accompanied by threats, intimidation or coercion within the meaning of the statute." *Barsamian v. City of Kingsburg*, 597 F.Supp.2d 1054, 1057 (E.D. Cal. 2009) (emphasis added).

Here, as discussed above, Plaintiff fails to allege facts to support a determination that Defendants interfered with a constitutional right. In addition, Plaintiff's factual allegations do not support a claim that Defendants' conduct rose to the level of a threat, intimidation or coercion.

## IV.     Conclusion and Order

Previously, the Court informed Plaintiff of the legal standards related to his claims, and granted Plaintiff two opportunities to allege facts sufficient to support his claims for relief. (*See* Docs. 23, 41) Because Plaintiff has failed to provide sufficient factual allegations to demonstrate that he had a reasonable expectation of privacy in the places searched as required by the Fourth Amendment, the Court finds he is unable to do so. As a result, the Court finds further leave to amend would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (leave to amend is futile when the deficiencies cannot be cured).

Based upon the foregoing**, IT IS HEREBY RECOMMENDED**:

1. Defendant's motion to dismiss (Doc. 43) be **GRANTED** without leave to amend; and
2. The matter be **DISMISSED WITHOUT LEAVE TO AMEND**.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. **Within 14 days** after being served with these Findings and Recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **October 30, 2015**             **/s/ Jennifer L. Thurston**
                                                       UNITED STATES MAGISTRATE JUDGE